IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL BRANT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE CHOP SHOP I, INC.<br><br>　　　　Defendant. | CIVIL ACTION NO. 09-3464<br><br><br><br><br>JURY TRIAL DEMANDED |

Defendant, The Chop Shop I, Inc. (hereinafter known as "Chop Shop"), by and through its attorneys, Weber Gallagher Simpson Stapleton Fires & Newby, LLP, do hereby respond to Plaintiff's Complaint as follows:

## ANSWER TO COMPLAINT

I.   **PRELIMINARY STATEMENT**

　　1.　　Admitted in part, denied in part. It is admitted that Plaintiff has demanded an award of damages, declaratory and injunctive relief, attorney's fees and other relief in his Complaint. It is denied that Plaintiff was an employee of Defendant, Chop Shop, or that Defendant has engaged in any discriminatory employment practices.

　　2.　　The averments of this paragraph constitute conclusions of law to which no response is required.

II.　　**JURISDICTION AND VENUE**

　　3.　　The averments of this paragraph constitute conclusions of law to which no response is required.

　　4.　　Denied as stated.

III. <u>**PARTIES**</u>

    5.    Admitted.

    6.    Admitted.

    7.    Denied. On the contrary, Plaintiff was hired and employed by Chop Shop Temple, Inc.

    8.    Denied. On the contrary, Plaintiff was hired and employed by Chop Shop Temple, Inc.

IV. <u>**STATEMENT OF FACTS**</u>

    9.    Denied. Plaintiff was an employee of Chop Shop Temple, Inc. and not Defendant, Chop Shop.

    10.    Admitted.

    11.    Admitted in part, Denied in part. It is admitted that Plaintiff was hired by Chop Shop Temple, Inc. It is denied that he consistently worked five (5) days per week, eight (8) hours per day.

    12.    Admitted.

    13.    Denied.

    14.    Admitted in part, denied in part. It is admitted that Plaintiff was told not to wear shorts which revealed his buttocks. It is denied that he was told not to wear <u>any</u> type of shorts. It is also denied that Plaintiff was forbidden from wearing shoes with a heel.

    15.    Denied. It is denied that female stylists were not required to abide by the same dress code as Plaintiff.

    16.    Denied.

17. Admitted. Mr. Brant was transferred to a different location because Temple was out for the summer and business was slow at Chop Shop Temple. Because he was the last person to be hired as a stylist he was the person to be transferred to a different location.

18. Denied.

19. Admitted in part, Denied in part. It is admitted that Plaintiff was told he could not wear shorts that revealed his buttocks in the workplace. It is denied that Plaintiff was forbidden from wearing any type of shorts. It is denied that Plaintiff was forbidden from wearing shoes with a heel.

20. Denied. Female employees were also instructed not to wear unprofessional shorts in the workplace.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Admitted.

26. Denied.

27. Denied. It is specifically denied that Plaintiff was terminated on the basis of his sex and/or in retaliation for opposing unlawful sex discrimination in the workplace.

### COUNT I
### (Title VII – Sex Discrimination)
### Plaintiff Brant v. The Defendant

28. Defendant, Chop Shop, incorporates by reference its response to paragraphs 1 through 27 as if same were fully set forth herein.

29. Denied. The averments of this paragraph constitute conclusions of law to which no response is required.

30. Denied. The averments of this paragraph constitute conclusions of law to which no response is required.

31. Denied. The averments of this paragraph constitute conclusions of law to which no response is required.

## COUNT II
### (Title VII – Retaliation)
### Plaintiff Brant v. The Defendant

32. Defendant, Chop Shop, incorporates by reference its response to paragraphs 1 through 31 as if same were fully set forth herein.

33. Denied. The averments of this paragraph constitute conclusions of law to which no response is required.

34. Denied. The averments of this paragraph constitute conclusions of law to which no response is required.

## PRAYER FOR RELIEF

35. Defendant, Chop Shop, incorporates by reference its response to paragraphs 1 through 34 as if same were fully set forth herein.

**WHEREFORE**, Defendant, Chop Shop, demands judgment in its favor and against Plaintiff in addition to its attorney's fees, costs, and any other relief the Court may deem appropriate.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim or cause of action upon which relief can be granted.

2. Plaintiff's Complaint fails to state a claim or cause of action for punitive damages.

3. Plaintiff's employment was terminated for legitimate, non-discriminatory reasons.

4. Plaintiff has failed to reasonably mitigate his damages.

5. Plaintiff was, at all times, an at-will employee who could be discharged at any time, for any reason, with or without cause.

6. Defendant acted at all times reasonably and prudently, consistent with any duties or obligations imposed upon it by law.

7. At no time did the Defendant violate any provisions of the Civil Rights Laws of the United States of America.

8. No acts or omissions on the part of the Defendant could be considered as outrageous, wanton or malicious, and as a result, the request for punitive damages should be dismissed.

9. Plaintiff has failed to file a timely Charge of Discrimination with the Equal Employment Opportunity Commission against Chop Shop Temple, Inc. as required under the provisions of 42 U.S.C. § 2000e and has otherwise failed to exhaust his administrative remedies.

10. Plaintiff's Complaint is barred in whole or in part by the applicable statute of limitations.

11. At all times material hereto, Answering Defendant acted in a proper, lawful and reasonable manner and with due care and in good faith.

12. Plaintiff's discharge was not motivated by any intent to harm.

13. Plaintiff's claims are barred by the doctrine of laches.

14. Collateral estoppel or res judicata apply to bar litigation of issues formerly adjudicated concerning Plaintiff's claims.

15. Plaintiff's termination was not motivated by retaliation.

16. Plaintiff failed to adequately and properly follow the procedures available to him by defendant's policies and procedures which may have afforded him the opportunity to relieve or resolve some or all of the problems which he described in his civil action complaint.

17. At no time prior to Plaintiff's termination did Plaintiff register a complaint of sex discrimination. Accordingly, Plaintiff has no viable claim for retaliatory discharge.

18. Answering Defendant reserves the right to move to amend this Answer as necessary.

Respectfully submitted:

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP**

By: /s/ Joseph Goldberg
JOSEPH GOLDBERG, ESQUIRE
Identification No. 21376
*Attorneys for Defendant,*
*The Chop Shop I, Inc.*
2000 Market Street
13th Floor
Philadelphia, PA 19103
(215) 972-7900
jgoldberg@wglaw.com

Date: August 31, 2009

## CERTIFICATION OF SERVICE

I, Joseph Goldberg, Esquire, do hereby certify that a true and correct copy of the Answer to the Complaint with Affirmative Defenses was served as directed by the Notice of Electronic Filing, on the following interested counsel:

Sidney L. Gold, Esquire
Susan R. Wexler, Esquire
Sidney L. Gold & Associates
11 Penn Center
1835 Market Street, Suite 515
Philadelphia, PA 19103

/s/ Joseph Goldberg
Joseph Goldberg, Esquire
Identification No. 21376
*Attorneys for Defendant,*
*The Chop Shop I, Inc.*
2000 Market Street
13th Floor
Philadelphia, PA 19103
(215) 972-7900
jgoldberg@wglaw.com

Date: August 31, 2009